IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00119-GPG

YUNIOR HERMOGENES DELGADO RODRIGUEZ,

    Petitioner,

v.

PAMELA BONDI, Attorney General of the United States, in her official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity;
TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; and
JUAN BALTASAR, Warden, Aurora ICE Processing Center, in his official capacity,

    Respondents.

## ORDER

Before the Court is the Petition for Writ of Habeas Corpus and Request for Order to Show Cause (Petition) (D. 1). The Court GRANTS IN PART the Petition. Because the briefing demonstrates that Petitioner Yunior Hermogenes Delgado Rodriguez's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

### I. BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226.

1

Petitioner is a native and citizen of Cuba (D. 1 at 5).[1] He arrived in the United States on October 26, 2023 (*id*. at 16). He has never been arrested for or convicted of any crime (*id*. at 17). He seeks adjustment of status under the Cuban Adjustment Act (*id*.). He was taken into custody by U.S. Immigration and Customs Enforcement (ICE) around November 13, 2025 (*id*. at 16).[2] At least at the time the Petition was filed, Petitioner was held by ICE at its facility in Aurora, Colorado (D. 1 at 1).

## II. LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Respondents raise essentially identical arguments to those that they raised in prior cases in this District regarding whether Petitioner was entitled to a bond hearing. *Compare* D. 9 at 12–15, 19 *with Garcia Cortes v. Noem*, No. 1:25-CV-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) ("First, that the Court lacks jurisdiction 'to review ICE's initiation of removal proceedings under 8 U.S.C. § 1252.' ECF No. 7 at 7. Second, that even if the Court has jurisdiction, it 'should find that Petitioner is properly detained' under 8 U.S.C. § 2552(b)(2)(A) because he falls under the statute. *Id*. Third, that Petitioner has received adequate process. *Id*.").

---

[1] The Court takes its facts from the Petition, which is verified (D. 1 at 28). Defendants generally do not challenge any of the facts stated in the Petition, only the legal conclusions (*see* D. 9).

[2] Respondents note that Petitioner was previously detained shortly after entering the country but does not argue that this prior detention is relevant to the outcome (D. 9 at 4).

These arguments have been considered and rejected by this Court and other Judges in this District. *Id*.; *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR (D. Colo. Oct. 17, 2025), ECF 33. Respondents make no attempt to distinguish the authority rejecting their arguments. The Court finds the prior decisions from this District noted above entirely persuasive and adopts their analysis.

Accordingly, because Petitioner was not detained while attempting to enter the country and does not have other circumstances that would subject him to mandatory detention, "Petitioner is not subject to § 1225(b)(2)(A)'s mandatory detention provision, nor does he fall outside of § 1226(a)'s discretionary detention provision based on any § 1226(c) exceptions." *Garcia Cortes*, 2025 WL 2652880, at *3. Accordingly, Petitioner is entitled to a bond hearing.

## IV. CONCLUSION

For the foregoing reasons, the Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest. *See Batz Barreno v. Baltasar*, No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025) (holding that the "government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence."). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

DATED January 27, 2026.

                                    BY THE COURT:

                                    Gordon P. Gallagher
                                    United States District Judge